UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON JEROME MARTIN, | No. 2:14-cv-0554 DAD PS |
| Plaintiff, | |
| v. | ORDER |
| CITY OF VALLEJO, et al., | |
| Defendants. | |

**STATUS (PRETRIAL SCHEDULING) ORDER**

READ THIS ORDER CAREFULLY.  IT CONTAINS IMPORTANT DATES WHICH THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES MUST COMPLY.  A FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER SANCTIONS WITHIN THE POWER OF THE COURT, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

Pursuant to court order, a Status (Pretrial Scheduling) Conference was held in this action on August 29, 2014, at 10:00 a.m. before the undersigned.[1]  Attorney Kelly Trujillo appeared on behalf of the defendants and plaintiff Leon Martin appeared on his own behalf.

---

[1] The parties have consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c)(1).  (Dkt. No. 21.)

1

After hearing, the court makes the following findings and orders:

**SERVICE OF PROCESS**

Service of process has been completed. No further service is permitted except with leave of court, good cause having been shown.

**JOINDER OF PARTIES/AMENDMENTS**

No further joinder of parties or amendment to pleadings is permitted except with leave of court, good cause having been shown. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609-10 (9th Cir. 1992).

**JURISDICTION/VENUE**

Jurisdiction over plaintiff's claims is predicated upon 28 U.S.C. § 1331, is not disputed, and is hereby found to be proper. Venue is not disputed and is also found to be proper.

**MOTION HEARING SCHEDULES**

All law and motion, except as to discovery, which is discussed below, shall be conducted so as to be completed by **June 12, 2015**. The word "completed" in this context means that all law and motion matters must be **heard** on or before the above date. Because this date is not necessarily a date that will be set aside for law and motion hearings, it is incumbent upon the parties to contact this court's courtroom deputy, Pete Buzo, at (916) 930-4128 sufficiently in advance so as to ascertain dates upon which law and motion will be heard and to properly notice motions for hearing on or before the specified date. This paragraph does not preclude the filing of motions for continuances, motions for temporary restraining orders, and other emergency applications that are subject to special scheduling.

The parties are cautioned to refer to Local Rule 230 regarding the requirements for noticing a non-discovery motion on this court's regularly scheduled law and motion calendar. A party's opposition or a statement of non-opposition to every properly noticed motion shall be filed with the court and served on the moving party not later than 4:30 p.m. fourteen (14) days preceding the hearing date.

The parties should keep in mind that the purpose of law and motion is to narrow and refine the legal issues raised by the case, and to dispose of by pretrial motion those issues that are

susceptible to resolution without trial. To accomplish that purpose, the parties must identify and fully research the issues presented by the case and then examine those issues in light of the evidence gleaned through discovery. If it appears to a party, after examining the legal issues and the facts, that an issue can be resolved by pretrial motion, the party shall file an appropriate motion properly noticed for hearing within the time set forth above.

ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL MOTION. The parties are reminded that motions in limine are procedural devices designed to address the admissibility of evidence. Parties are therefore cautioned that the court will look with disfavor upon substantive motions presented in the guise of motions in limine at the time of trial. Parties are further cautioned that if any legal issue that should have been tendered to the court by pretrial motion must be resolved by the court after law and motion cutoff, substantial sanctions may be levied against the party who failed to timely file an appropriate motion.

**DISCOVERY**

All limitations on discovery set forth in the Federal Rules shall govern this action absent further order of the court. All discovery shall be conducted so as to be completed by **April 24, 2015**. The word "completed" in this context means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with. All discovery motions must be noticed for hearing on the undersigned's calendar in accordance with the local rules of this court. See Local Rule 251.

Any initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) are to be made by mutual agreement of the parties. The undersigned does not hold Rule 26(f) conferences in cases in which any party is proceeding pro se.

On or before **February 27, 2015**, plaintiff shall disclose in a writing filed with the court and served upon claimant the names of any experts plaintiff proposes to tender at trial. On or before **March 13, 2015**, defendants shall disclose in a writing filed with the court and served upon plaintiff the names of any experts they propose to tender at trial. Plaintiff shall designate and disclose any rebuttal experts not later than **March 20, 2015**. All experts so designated are to

be fully prepared to render an informed opinion at the time of designation so that they may fully participate in any deposition taken by the opposing party. Experts will not be permitted to testify at the trial as to any information gathered or evaluated, or opinion formed, after deposition taken subsequent to designation. An expert witness not listed in the party's designation of witnesses will not be permitted to testify unless the party offering the witness demonstrates that: (a) the necessity of the witness could not have been reasonably anticipated at the time the lists were exchanged; (b) the court and the opposing party were promptly notified upon discovery of the witness; and (c) the witness was promptly proffered for deposition.

**FINAL PRETRIAL CONFERENCE**

Final Pretrial Conference is **SET** for **August 14, 2015**, at **1:30 p.m.**, in Courtroom 27 before the undersigned. The parties are cautioned that any counsel appearing for Final Pretrial Conference shall in fact try the matter.

The parties are to be fully prepared for trial at the time of the Final Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony.

The parties are referred to Local Rules 280 and 281 relating to the contents of and time for filing Pretrial Statements. In addition to all subjects listed in Local Rule 281(b), the parties shall include in their pretrial statements a plain, concise statement that identifies every non-discovery motion tendered to the court and its resolution. A FAILURE TO COMPLY WITH LOCAL RULES 280 AND 281 WILL BE GROUNDS FOR SANCTIONS.

Plaintiff and defendants shall file separate Pretrial Statements in accordance with the provisions of Local Rule 281(a)(1). However, in addition to their separate Pretrial Statements, the parties shall cooperate in the preparation of a JOINT STATEMENT with respect to the undisputed facts and disputed factual issues of the case. See Local Rule 281(b)(3), (4), and (6). In the joint statement, the undisputed facts and disputed factual issues are to be set forth in two separate sections. In each section, the parties should first identify the general facts relevant to all causes of action. After identifying the general facts, the parties should then identify those facts which are relevant to each separate cause of action. In this regard, the parties are to number each individual fact or factual issue. Where the parties are unable to agree as to what factual issues are

properly before the court for trial, they should list in the section on "DISPUTED FACTUAL ISSUES" all issues asserted by any party and explain by parenthetical the controversy concerning each issue. In general, each fact should relate or correspond to an element of the relevant cause of action. Notwithstanding the provisions of Local Rule 281, the Joint Statement of Undisputed Facts and Disputed Factual Issues is to be filed with the court concurrently with the filing of plaintiff's separate Pretrial Statement.

Pursuant to Local Rule 281(b)(10) and (11), the parties are required to provide with their separate Pretrial Statements a list of witnesses and a list of exhibits that they propose to proffer at trial for any purpose. These lists shall <u>not</u> be contained in the party's Pretrial Statement itself but shall be attached as separate documents. Plaintiff's exhibits shall be listed **numerically**. Defendants' exhibits shall be listed **alphabetically**. In the event that the alphabet is exhausted, defendants' additional exhibits shall be marked "2A-2Z, 3A-3Z," etc. The court's Pretrial Order will contain a stringent standard for the proffering at trial of witnesses and exhibits not listed in the Pretrial Order. The parties are cautioned that the standard will be strictly applied. On the other hand, the listing of exhibits or witnesses which the party does not intend to call or use at trial will be viewed as an abuse of the court's processes and sanctions may be imposed.

Pursuant to Local Rule 281(b)(12), each party is required to provide a list of all answers to interrogatories and responses to requests for admission that the party expects to offer at trial. This list should include only those documents or portions thereof which the party expects to offer in its case-in-chief. Unless otherwise barred by a rule of evidence or order of this court, the parties remain free to tender appropriate discovery documents during trial for such purposes as, but not limited to, impeachment or memory refreshment.

Pursuant to Local Rule 281(b)(8), each party's separate Pretrial Statement shall contain a "statement of legal theory, etc." Each party shall commence this section by specifying as to each claim whether federal or state law governs, and, if state law, the state whose law is applicable.

The parties are reminded that, pursuant to Fed. R. Civ. P. 16, it will be their duty at the Final Pretrial Conference to aid the court in (a) the formulation and simplification of issues and the elimination of frivolous claims or defenses; (b) the settling of facts that should be properly

admitted; and (c) the avoidance of unnecessary proof and cumulative evidence. Each party must prepare its Pretrial Statement, and participate in good faith at the Final Pretrial Conference, with these aims in mind. FAILURE TO DO SO MAY RESULT IN THE IMPOSITION of SANCTIONS, which may include monetary sanctions, orders precluding proof, the elimination of claims or defenses, or such other sanctions as the court deems appropriate.

**TRIAL SETTING**

A jury trial not to exceed twelve court days in length is **SET** for **November 16, 2015,** at **9:00 a.m.** in Courtroom 27 before the undersigned.

**SETTLEMENT CONFERENCE**

The parties are advised that a Settlement Conference may be scheduled when the Final Pretrial Conference is held.[2] The court may require that all parties proceeding pro se be present at the Settlement Conference. Such a settlement conference may be set before the undersigned, if both parties request that the undersigned participate in the conference and will waive any claim of disqualification on that basis. The parties may also request a settlement conference before another magistrate judge. See Local Rule 270(b).

**MISCELLANEOUS PROVISIONS**

The parties are cautioned that this order shall not be modified except by leave of court upon a showing of good cause. See Fed. R. Civ. P. 16(b).

There appear to be no other matters presently pending before the court that will aid the just and expeditious disposition of this matter.

**IT IS SO ORDERED.**

Dated: August 29, 2014

DAD:6
Ddad1\orders.consent\martin0554.sched.ord.doc

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

---

[2] At any time prior to the Final Pretrial Conference, an early settlement conference may be set before the undersigned, or another magistrate judge who is randomly selected, if all parties agree to request an early settlement conference. Either party may initiate such a request by calling Pete Buzo, courtroom deputy to the undersigned, at (916) 930-4128. Information will be provided regarding the procedure to follow.