1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                     FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   LEON JEROME MARTIN,                        No.  2:14-cv-0554 DAD PS
12                     Plaintiff,
13          v.                                  ORDER
14   CITY OF VALLEJO, et al.,
15                     Defendants.
16

17          This matter came before the court on November 7, 2014, for the hearing of defendants'

18   motion for judgment on the pleadings.[1]  Attorney Kelly Trujillo appeared on behalf of the

19   defendants and plaintiff Leon Martin appeared on his own behalf.[2]

20          Plaintiff's amended complaint alleges, in relevant part, that the defendants subjected him

21   to the excessive use of force on February 28, 2013.  (Dkt. No. 4.)  According to documents

22   /////

23

24   [1]  Rule 12(c) of the Federal Rules of Civil Procedure provides that:  "After the pleadings are
     closed – but early enough not to delay trial–a party may move for judgment on the pleadings."  In
25   reviewing a motion brought under Rule 12(c), the court "must accept all factual allegations in the
     complaint as true and construe them in the light most favorable to the nonmoving party."
26   Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009).

27
     [2]  The parties have consented to Magistrate Judge jurisdiction over this action pursuant to 28
28   U.S.C. § 636(c)(1).  (Dkt. No. 21.)

                                                   1

1   presented by defendants of which this court may take judicial notice[3], on February 28, 2013,

2   plaintiff was arrested and later pled no contest to charges of violating California Vehicle Code §

3   23152(a) (driving under the influence), and California Penal Code § 148(a) (resisting, delaying or

4   obstructing a police officer).[4]  (Dkt. No. 24 at 17.[5])  "The lawfulness of the officer's conduct is an

5   essential element of the offense under § 148(a)(1)."[6]  Hooper v. County of San Diego, 629 F.3d

6   1127, 1130 (9th Cir. 2011).  However, "an officer is acting unlawfully . . . when he uses excessive

7   or unreasonable force."  People v. Olguin, 199 Cal. App.3d 39, 46 (1981).

8           In their motion defendants argue that plaintiff's excessive force claim is barred under

9   Heck v. Humphrey, 512 U.S. 477 (1994).  In Heck, the United States Supreme Court held that

10  under circumstances such as those presented here, the court "must consider whether a judgment in

11  favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it

12  would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or

13  sentence has already been invalidated."  Id. at 487.  In short, "Heck says that 'if a criminal

14  conviction arising out of the same facts stands and is fundamentally inconsistent with the

15  unlawful behavior for which section 1983 damages are sought, the 1983 action must be

16  dismissed.'"  Smith v. City of Hemet, 394 F.3d 689, 695 (9th Cir. 2005) (quoting Smithart v.

17  Towery, 79 F.3d 951, 952 (9th Cir. 1996)).  "Consequently, 'the relevant question is whether

18  _____

19  [3]  This court may take judicial notice of the records of other courts.  See United States v. Howard,
    381 F.3d 873, 876 n. 1 (9th Cir.2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir.

20  1980); see also FED. R. EVID. 201 (court may take judicial notice of facts that are capable of
    accurate determination by sources whose accuracy cannot reasonably be questioned).

21  [4]  California Penal Code § 148(a)(1) provides that every person who willfully resists, delays, or

22  obstructs any public officer, peace officer, or an emergency medical technician, as defined in
    Division 2.5 (commencing with Section 1797) of the Health and Safety Code, in the discharge or

23  attempt to discharge any duty of his or her office or employment, when no other punishment is
    prescribed, shall be punished by a fine not exceeding one thousand dollars ($1,000), or by

24  imprisonment in a county jail not to exceed one year, or by both that fine and imprisonment.

25  [5]  Page number citations such as this one are to the page numbers reflected on the court's
    CM/ECF system and not to page numbers assigned by the parties.

26

27  [6]  However, "a conviction under § 148(a)(1) can be valid even if, during a single continuous chain
    of events, some of the officer's conduct was unlawful."  Hooper, 629 F.3d at 1131 (citing Yount

28  v. City of Sacramento, 43 Cal. 4th 885 (Cal. 2008)).

1  success in a subsequent § 1983 suit would 'necessarily imply' or 'demonstrate' the invalidity of

2  the earlier conviction or sentence . . . ."  Beets v. County of Los Angeles, 669 F.3d 1038, 1042

3  (9th Cir. 2012) (quoting Smithart, 79 F.3d at 951).

4          In their pending motion defendants argue that because plaintiff's amended complaint

5  alleges that "he was compliant and never resisted the officers' efforts," if plaintiff were to prevail

6  on his excessive force claim, "it would completely undermine the criminal conviction for

7  violating Penal Code § 148(a)."  (Defs.' Mot. JOTP (Dkt. No. 24) at 6.)  However, "a conviction

8  under California Penal Code § 148(a)(1) does not bar a § 1983 claim for excessive force under

9  Heck when the conviction and the § 1983 claim are based on different actions during 'one

10 continuous transaction.'"  Hooper, 629 F.3d at 1134.

11         Nonetheless, defendants, citing to the  Hooper, argue that if plaintiff "seeks to establish

12 that he never offered resistance, then it necessarily follows that the officer acted unlawfully by

13 using any force at all during the entire transaction."  (Defs.' Mot. JOTP (Dkt. No. 24) at 9.)

14 However, the portion of the Hooper opinion cited by defendants pertains to the analysis by the

15 court in that case of a California Supreme Court decision, Yount v. City of Sacramento, 43

16 Cal.4th 885 (2008).  In this regard, the court Ninth Circuit in Hooper noted that in Yount the

17 California Supreme Court had found that

18             Heck would bar Yount's § 1983 claim to 'the extent that it alleges
              that he offered no resistance, that he posed no reasonable threat of
19             obstruction to the officers, and that the officers had no justification
              to employ any force against him at the time he was shot.'"
20

21 Hooper, 629 F.3d at 1132 (quoting Yount, 43 Cal.4th at 898).

22         It is clear to this court from reading the decisions in Hopper and Yount, that the court in

23 Yount, reached its holding after comparing the facts of the plaintiff's criminal conviction to the

24 allegations found in his excessive force claim.  See Yount, 43 Cal.4th at 895-96 ("In this case, the

25 trial court did not rely solely on the bare record of the criminal proceeding in analyzing the scope

26 of Yount's criminal conviction, but considered also the testimony of the seven eyewitnesses who

27 testified at the bifurcated Heck hearing."); id. at 898 ("As stated above, our task is to analyze the

28 relationship between Yount's resistance, as evidenced by his criminal conviction, and Officer

3

Shrum's alleged misconduct, as set forth in the first amended complaint.  The record of the Heck hearing indicates that Yount was kicking, spitting, and refusing to cooperate with the officers just prior to the shooting."); id. at 898 ("The record of the Heck hearing also demonstrates that Yount was attempting to drive while intoxicated.").

Here, unlike in Yount, there is no evidence or information before the court relating to the facts underlying plaintiff's plea of no contest to the charge of violating California Penal Code § 148(a).[7]  All that the defendants have presented to the court is a state trial court check-the-box form from plaintiff's change of plea indicating that the facts of plaintiff's no contest plea were "stipulated."  (Defs.' Mot. JOTP (Dkt. No. 24) at 22.)  However, there is no factual basis that was stipulated to.  Rather, it appears that the parties merely stipulated to the fact that there was a factual basis supporting that plaintiff without identifying any facts.  Finally, there is no further evidence or information from which this court could compare the facts underlying plaintiff's criminal conviction to the allegations underlying his excessive use of force claim in this civil action.

In Smith v. City of Hemet, 394 F.3d 689 (9th Cir. 2005) (en banc), the Ninth Circuit was faced with a strikingly similar situation, noting that in analyzing whether the plaintiff's action was Heck barred, "nothing in the record informs us what the factual basis for Smith's plea was."  Id. at 698 (quotation omitted).  Accordingly, the Ninth Circuit in Smith concluded that:

> Because on the record before us we cannot determine that the actions that underlay Smith's conviction upon his plea of guilty occurred at the time of or during the course of his unlawful arrest, Smith's success in the present action would not necessarily impugn his conviction.  Accordingly, the defendants are not entitled to summary judgment on the basis of Heck v. Humphrey.

(Id. at 699.)

Here, in light of the complete absence of any evidence or information relating to the factual basis for plaintiff's no contest plea and criminal conviction for resisting, the court cannot

---

[7]  Notably, it is well established that "where a § 1983 plaintiff has pled guilty or entered a plea of nolo contendere . . . it is not necessarily the case that the factual basis for his conviction included the whole course of his conduct."  Smith v. City of Hemet, 394 F.3d 689, 699 n.5 (9th Cir. 2005).

1  find that plaintiff's excessive use of force claim in this civil action  necessarily implies the

2  invalidity of his criminal conviction.  See Jarboe v. County of Orange, 293 Fed. Appx. 520, 521

3  (9th Cir. 2008)[8] ("Here, we are unable to discern from the record the factual basis for Jarboe's

4  plea.  Accordingly, his excessive force claim for activity that followed his acts of resistance does

5  not necessarily imply the invalidity of his conviction and is therefore not barred by Heck.");

6  Sanford v. Motts, 258 F.3d 1117, 1119 (9th Cir. 2001) ("Nothing in the record informs us what

7  the factual basis was for Sanford's plea of nolo . . . . It was the burden of the defendants to

8  establish their defense by showing what the basis was; they failed to do so."); Benavides v. City

9  of Arvin, No. F CV 12-0405 LJO GSA, 2012 WL 1910259, at *8 (E.D. Cal. May 25, 2012)

10  ("Because this Court cannot ascertain the asserted alleged facts of the underlying conviction, this

11  Court cannot determine whether Mr. Benavides' excessive force allegations are temporally

12  distinct from the facts that form the basis of the underlying conviction.  Viewed in a light most

13  favorable to Mr. Benavides, this Court must construe Mr. Benavides' allegations, particularly the

14  allegation that Officer Schmick used excessive force against him after he was subdued, as being

15  temporally distinct from his arrest."); Godoy v. Wadsworth, No. CV 05-2913, 2009 WL 1458041,

16  at *4-5 (N.D. Cal. May 21, 2009) ("Like Smith and Sanford, the factual basis for Godoy's plea is

17  missing from the record. . . . There is no discussion of the underlying facts for Godoy's plea

18  during the plea colloquy or sentencing. . . . Therefore, under Smith and Sanford, defendants have

19  not carried their burden to establish a Heck bar by showing the basis for Godoy's Cal. Penal Code

20  § 69 conviction.  Godoy's success on his § 1983 and state law claims would not necessarily imply

21  or demonstrate that his Cal. Penal Code § 69 conviction was invalid.  The court denies summary

22  judgment on defendants' Heck bar arguments."); Cf. Beets, 669 F.3d at 1045 ("In Sanford, the

23  defendant pled nolo contendere and we determined that '[n]othing in the record informs us what

24  the factual basis was for Sanford's plea of nolo.'  Here, Morales was convicted by a jury. . . . In

25  sum, the record shows that the jury that convicted Morales determined that Deputy Winter acted

26  /////

27

28  _____

[8]  Citation to this unpublished decision is appropriate pursuant to Ninth Circuit Rule 36-3(b).

1   within the scope of his duties and did not use excessive force, and that plaintiffs seek to show that

2   the very same act constituted excessive force.").

3                                    CONCLUSION

4          Accordingly, upon consideration of the arguments on file and at the hearing, and for the

5   reasons stated above, defendants' September 30, 2014 motion for judgment on the pleadings

6   (Dkt. No. 24) is denied.

7          IT IS SO ORDERED.

8   Dated:  November 20, 2014

9

10                                                  _____
                                                    DALE A. DROZD
11  DAD:6                                           UNITED STATES MAGISTRATE JUDGE

12  Ddad1\orders.consent\martin0554.oah.110714.docx

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28