UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON JEROME MARTIN, | No. 2:14-cv-0554 DAD PS |
| Plaintiff, | |
| v. | ORDER |
| CITY OF VALLEJO, et al., | |
| Defendants. | |

Pending before the court is defendant City of Vallejo" December 19, 2014 Notice of Request to Seal Documents. (Dkt. No. 36.)

Defendant"s Notice of Request to Seal asks that the court "issue an order allowing documents in support of Defendant"s Motion for Reconsideration to be filed under seal . . . ." (Id. at 1.) Defendant"s notice states that all parties in the action have been served with a copy of the notice of request to seal, but that "[d]ue to the sensitive and confidential nature of document [sic] labeled FLATER 001 - 003, the document itself will not be served on the plaintiff in this matter." (Id. at 2.)

Defendant"s Request to Seal Documents itself, as opposed to defendant"s Notice of Request to Seal, was apparently served on the plaintiff but has not been filed with the court and

1

does not appear on the docket in this action.[1] The Request to Seal, seeks not only an order allowing the document labeled FLATER 001 - 003 to be filed with the court under seal but also an order authorizing plaintiff to be precluded from having access to that document which defendant is offering in support of its motion for reconsideration.  It is not at all clear to the court that the pro se plaintiff has been provided full notice of the scope of the defendant′s request.

In any event, there is a presumption in favor of public access to court records.  See Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002).  "[A]ccess to judicial records is not absolute." Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006).  The Ninth Circuit has distinguished between the public′s interest in accessing court records filed in connection with nondispositive and dispositive motions.  See In re Midland Nat′l Life Ins. Co., 686 F.3d 1115 (9th Cir. 2012); Kamakana, 447 F.3d at 1172; Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122 (9th Cir. 2003); Phillips, 307 F.3d 1206.  To seal documents filed in connection with a dispositive motion, parties must show there are "compelling reasons" for doing so.  Kamakana, 447 F.3d at 1180, 1182 ("[T]he proponent of sealing bears the burden with respect to sealing.").  To demonstrate compelling reasons justifying sealing of such documents, a party is "required to present articulable facts identifying the interests favoring continued secrecy and to show that these specific interests [overcome] the presumption of access by outweighing the public interest in understanding the judicial process." Id. at 1181 (internal citations, quotation marks, and emphasis omitted).  "When sealing documents attached to a dispositive pleading, a district court must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." Id. at 1182 (internal citation, quotation marks, and emphasis omitted).  See also Pintos v. Pac. Creditors Ass′n, 605 F.3d 665, 679 (9th Cir. 2010), cert. denied Sub nom. Experian Info. Solutions, Inc. v. Pintos, ___ U.S. ___, 131 S. Ct. 900 (2011) (vacating and remanding district court′s denial of a sealing request where the court applied merely a good cause standard in addressing documents filed in connection with summary

---

[1] Counsel for defendant submitted their Request to Seal Documents to the court by email but have not filed the document and it therefore does not presently appear on the court docket. Counsel is directed to file the Request to Seal Documents with the court forthwith.

judgment motions). "In general, ‚compelling reasons" sufficient to outweigh the public"s interest in disclosure and justify sealing court records exist when such ‚court files might become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." Kamakana, 447 F.3d at 1179 (quoting Nixon v. Warner Communs., Inc., 435 U.S. 589, 589 (1978)). "The ‚compelling reasons" standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." Id.

On the other hand, parties seeking to file documents under seal in connection with a nondispositive motion must show only "good cause" for the requested sealing. Kamakana, 447 F.3d at 1180; In re Midland, 686 F.3d at 1119 ("[A] particularized showing of ‚good cause" under Federal Rule of Civil Procedure 26(c) is sufficient to preserve the secrecy of sealed discovery documents attached to non-dispositive motions." (citing Foltz, 331 F.3d at 1138)). The presumption of public access is rebutted by a showing of good cause because "of the weaker public interest in nondispositive materials," Pintos, 605 F.3d at 678, and "[a]pplying a strong presumption of access to documents a court has already decided should be shielded from the public [by issuing a protective order] would surely undermine, and possibly eviscerate, the broad power of the district court to fashion protective orders." Phillips, 307 F.3d at 1213 (addressing an intervenor"s request to access confidential settlement information produced during discovery under a protective order). See also Foltz, 331 F.3d at 1135; Pintos, 605 F.3d at 678 (discussing the parties" interest in keeping discovery documents under seal in light of the public"s lesser interest in nondispositive motions); Kamakana, 447 F.3d at 1180. "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result . . . . If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." Phillips, 307 F.3d at 1210-11 (citations omitted).

Here, the document defendant seeks to file under seal is being submitted by defendant in support of its motion for reconsideration of an order granting discovery, which is a nondispositive motion. Therefore, the court considers whether the defendant has shown good cause for sealing

the documents at issue.  <u>Foltz</u>, 331 F.3d at 1135.  Upon consideration of defendant's arguments and having reviewed the documents sought to be filed under seal, the court finds that the defendant has not shown that good cause exists for filing the document labeled FLATER 001-003 under seal.  In this regard, defendant's request to seal offers only a broad and vague allegation of potential harm posed by the disclosure of the document, unsubstantiated by specific examples or articulated reasoning.

Moreover, a reading of the document sought to be filed under seal reveals that it does not contain information that could be properly characterized as sensitive investigative or personnel information.  Instead, the documents merely discuss the City of Vallejo Police Department's records and retention policy, the number of documents that would potentially be required to be produced to plaintiff under the court's order granting the motion to compel and the amount of work and time necessary to prepare those documents for production.  In no way can that routine information be accurately characterized as "sensitive and confidential" as claimed by defendant.

Accordingly, for the reasons stated above, it is HEREBY ORDERED AS FOLLOWS:

1. Defendant's December 19, 2014 request to seal is denied;
2. If defendant wishes the court to consider the document labeled "FLATER 001 – 003" in connection with its pending motion for reconsideration, it shall file the document with this court and serve it on plaintiff forthwith.
3. The hearing on defendants' motion for reconsideration is continued from January 30, 2015 to February 20, 2015 at 10:00 a.m.
4. Plaintiff is directed to file opposition, if any, to defendants' motion to reconsider by February 6, 2015.
5. Defendants shall file any reply by February 13, 2015.

Dated:  January 26, 2015

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.consent\martin0554.req.seal.ord.docx