UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON JEROME MARTIN, | No. 2:14-cv-0554 DAD PS |
| Plaintiff, | |
| v. | ORDER |
| CITY OF VALLEJO, et al., | |
| Defendants. | |

Currently pending before the court is plaintiff's June 10, 2015 motion for reconsideration.[1] (Dkt. No. 63.) Plaintiff has noticed his motion for reconsideration for hearing on July 10, 2015. The court, however, is not holding a civil law and motion calendar on July 10, 2015. Accordingly, plaintiff is directed to contact Pete Buzo, the courtroom deputy of the undersigned magistrate judge, at (916) 930-4128 to obtain an available hearing date in the event he wishes to re-notice his motion for hearing.

Moreover, in his June 10, 2015 motion for reconsideration plaintiff asserts that he filed his motion for reconsideration because the defendants have not complied with the court's prior

/////

/////

---

[1] The parties have consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c)(1). (Dkt. No. 21.)

1

discovery orders by failing to produce "any deadly force responses."[2]  (Dkt. No. 63 at 2.)  Thus, it does not appear that plaintiff is requesting that the court reconsider a prior order that the court issued but is instead seeking an order requiring defendants' compliance with a discovery order previously issued by the court.  If plaintiff wishes to obtain a ruling from the court on this matter plaintiff shall file a motion, and notice of motion, to compel defendants' compliance with the court's December 10, 2014 (Dkt. No. 35) and February 20, 2015 (Dkt. No. 45) discovery orders.  In bringing such a motion plaintiff should consult Local Rule 251.[3]

Accordingly, IT IS HEREBY ORDERED that plaintiff's June 10, 2015 motion for reconsideration, (Dkt. No. 63), is denied.

Dated:  June 19, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.consent\martin0554.mot.recon.den.ord.docx

---

[2]  On December 10, 2014, the court granted plaintiff's motion to compel production of responsive documents, which included discovery related to defendants' use of deadly force, for the prior ten years. (Dkt. No. 35.)  On February 20, 2015, the court granted in part defendants' motion for reconsideration of the December 10, 2014 order, limiting their obligation to produce such documents to those relating to the prior seven years and for an additional three year period beyond the last seven years, to only those complaints of excessive use of force and the official resolution of those complaints.  The court did not modify or limit its December 10, 2014 discovery order in any other respect.

[3]  The court expects all parties to comply with its orders and to engage in a good faith attempt to resolve discovery disputes prior to the filing of a motion to compel.