UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON JEROME MARTIN,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF VALLEJO, et al.,<br><br>    Defendants. | No.  2:14-cv-0554 DAD PS<br><br><br>ORDER |

This matter came before the court on October 16, 2015, for the hearing of plaintiff's motions for sanctions and to reopen discovery as well as defendants' motion for summary judgment.  Assistant City Attorney Kelly Trujillo appeared on behalf of the defendants and plaintiff Leon Jerome Martin appeared on his own behalf.

With respect to his motion for sanctions, plaintiff argues that the defendants should be sanctioned for the spoliation of evidence.  As noted at the court's October 16, 2015 hearing, however, there is no evidence before the court that the defendants destroyed or altered any evidence.  See Montoya v. Orange County Sheriff's Dept., 987 F. Supp.2d 981, 1010 (C.D. Cal. 2013) ("In order to prove that an opposing party failed to preserve . . . records, a party must show: (1) the party having control over the evidence had an obligation to preserve it when it was destroyed or altered; (2) the destruction or loss was accompanied by a culpable state of mind; and (3) the evidence that was destroyed or altered was relevant to the claims or defenses of the party

1  that sought the discovery of the spoliated evidence."). Rather, defendants have maintained and continue to maintain that no investigative report or documents relating to an investigation of the incident in question ever existed. Plaintiff has pointed to no evidence suggesting that such is not the case. Accordingly, for the reasons stated at the October 16, 2015 hearing, plaintiff's motion for sanctions will be denied.

With respect to plaintiff's motion to reopen discovery, the court has already once amended the scheduling order to provide plaintiff with additional time to conduct discovery. Moreover, in his arguments on file, and when asked at the October 16, 2015 hearing, plaintiff was unable to identify any specific further discovery he wished to conduct in order to present his case. Accordingly, plaintiff's motion to reopen discovery will be denied. See FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

With respect to defendants' motion for summary judgment, plaintiff's unopposed request to dismiss defendants J. Huff, J. Bauer and T. Agustin with prejudice will be granted and defendants' motion for summary judgment with respect to the remaining defendants will be taken under submission.

Accordingly, upon consideration of the arguments on file and those made at the hearing, and for the reasons set forth on the record at that hearing, IT IS HEREBY ORDERED that:

1. Plaintiff's August 28, 2015 motion for sanctions (Dkt. No. 82) is denied;

2. Plaintiff's September 17, 2015 motion to reopen discovery (Dkt. No. 88) is denied;

3. Defendants J. Huff, J. Bauer and T. Agustin are dismissed from this action with prejudice; and

4. Defendants' September 15, 2015 motion for summary judgment is taken under submission.

Dated:  October 16, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.consent\martin0554.oah.101615.docx