UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON JEROME MARTIN, | No. 2:14-cv-0554 AC PS (TEMP) |
| Plaintiff, | |
| v. | ORDER |
| CITY OF VALLEJO, et al., | |
| Defendants. | |

This matter came before the court on October 16, 2015, for the hearing of defendants' motion for summary judgment.[1]  Assistant City Attorney Kelly Trujillo appeared on behalf of the defendants.  Plaintiff Leon Jerome Martin appeared on his own behalf.  After hearing oral argument, defendants' motion was taken under submission.[2]

Having reviewed defendants' motion, the documents filed in support and opposition, and the arguments made at the October 16, 2015 hearing, THE COURT FINDS AS FOLLOWS:

UNDISPUTED FACTS

On February 28, 2013, plaintiff was driving a vehicle that crashed into a fence and came to rest in a residential backyard.  Pl.'s Resp. to Defs.' SUDF, ECF No. 94, at 1.  Plaintiff alleges

---

[1] The parties have consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c)(1).  ECF No. 21.

[2] This matter was reassigned from the previously assigned Magistrate Judge to the undersigned on November 6, 2015.  ECF No. 101.

1

that defendant P. Messina, an officer with the City of Vallejo Police Department, arrived on scene and instructed plaintiff to get out of his vehicle. Id. at 3. Plaintiff alleges that he complied with defendant Messina's commands but, without cause, defendant Messina tasered plaintiff. Id. Plaintiff fell to the ground, where defendant Messina's canine attacked plaintiff, after which defendant Messina sprayed plaintiff with pepper spray and hit plaintiff with a flashlight. Id. Plaintiff was arrested and jailed. Id. at 4. On March 12, 2013, plaintiff pled guilty to misdemeanor driving under the influence, in violation of California Vehicle Code § 23152(a), and resisting, delaying, obstructing defendant Messina in the performance of his official duties, in violation of California Penal Code § 148(a). Id. at 5.

## PROCEDURAL BACKGROUND

Plaintiff commenced this action on February 26, 2014, by filing a complaint along with a motion to proceed in forma pauperis. ECF Nos. 1-2. Plaintiff is proceeding on the second amended complaint filed April 8, 2015. ECF No. 55. Therein, plaintiff claims that defendant Messina used "not only excessive but . . . 'deadly force'" against plaintiff, and that defendant "City of Vallejo has a longstanding, practice, policy or custom of allowing police officers to use excessive force."[3] Id. at 1-2.

Defendants filed an answer on June 5, 2015. ECF No. 62. On September 15, 2015, defendants filed the pending motion for summary judgment. ECF No. 86. Plaintiff filed an opposition on October 7, 2015. ECF No. 93. Defendants filed a reply on October 9, 2015. ECF No. 91.

## LEGAL STANDARDS

"A party may move for summary judgment, identifying each claim . . . or the part of each claim . . . on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that could affect the outcome of the suit under the governing substantive law. Anderson v. Liberty Lobby, Inc., 477

---

[3] Plaintiff's second amended complaint named several other individual defendants. Those defendants, however, have been dismissed from this action. See ECF No. 97.

2

U.S. 242, 248 (1986). For a dispute to be "genuine," a reasonable jury must be able to return a verdict for the nonmoving party. Id.

The moving party's burden on summary judgment depends on whether it bears the burden of proof at trial with respect to the claim or defense at issue. When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. See C.A.R. Transp. Brokerage Co., Inc. v. Darden Restaurants, Inc., 213 F.3d 474, 480 (9th Cir. 2000). In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case. Id. However, if the nonmoving party bears the burden of proof on an issue at trial, such as an affirmative defense, the moving party need not produce affirmative evidence of an absence of fact to satisfy its burden. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The moving party may simply point to the absence of evidence to support the nonmoving party's case. Id.

Once the moving party has met its burden, the burden then shifts to the nonmoving party to designate specific facts showing a genuine issue for trial. Celotex, 477 U.S. at 324; Anderson, 477 U.S. at 256 ("a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial."). A party asserting that a fact is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

To carry its burden, the nonmoving party must show more than the mere existence of a scintilla of evidence, Anderson, 477 U.S. at 252, and "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In fact, the nonmoving party must come forward with affirmative evidence from which a jury could reasonably render a verdict in the nonmoving party's favor. Anderson, 477 U.S. at 252, 257. In determining whether a jury could reasonably

3

render a verdict in the nonmoving party's favor, the court must view the evidence in the light most favorable to the nonmoving party and draw all justifiable inferences in its favor. Id. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. Dias v. Nationwide Life Ins. Co., 700 F.Supp.2d 1204, 1214 (E.D. Cal. 2010).

To establish a genuine dispute of material fact, a plaintiff must present affirmative evidence; bald assertions that genuine issues of material fact exist are insufficient. Galen v. County of Los Angeles, 477 F.3d 652, 658 (9th Cir. 2007); see also F.T.C. v. Stefanchik, 559 F.3d 924 (9th Cir. 2009) ("A non-movant's bald assertions or a mere scintilla of evidence in his favor are both insufficient to withstand summary judgment."). Further, evidence that is merely colorable or that is not significantly probative is not sufficient to withstand a motion for summary judgment. Anderson, 477 U.S. at 249-50 (citations omitted). "Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment." Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007); see also Nelson v. Pima Community College, 83 F.3d 1075, 1081-82 (9th Cir. 1996) ("[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment"). If the nonmoving party fails to show that there is a genuine issue for trial, "the moving party is entitled to judgment as a matter of law." Celotex, 477 U.S. at 323.

## ANALYSIS

**I.    Heck Bar**

Plaintiff's second amended complaint alleges, in relevant part, that defendant Messina subjected plaintiff to the excessive use of force on February 28, 2013. ECF No. 55-2 at 1. On September 30, 2014, defendant Messina moved for judgment on the pleadings as to this claim, arguing that plaintiff's claim was barred under Heck v. Humphrey, 512 U.S. 477 (1994), because plaintiff was convicted of violating California Penal Code § 148(a).[4] ECF No. 24. Defendant's

---

[4] California Penal Code § 148(a)(1) provides that every person who willfully resists, delays, or obstructs any peace officer in the discharge or attempt to discharge any duty of his or her office or employment shall be punished by a fine not exceeding one thousand dollars ($1,000), or by imprisonment in a county jail not to exceed one year, or by both that fine and imprisonment.

4

motion was denied by the previously assigned Magistrate Judge on November 20, 2014, due to "the complete absence of any evidence or information relating to the factual basis for plaintiff's no contest plea and criminal conviction . . . ." ECF No. 32 at 4.

Defendants' motion for summary judgment asserts that "during discovery, the City determined the factual basis for Plaintiff's plea and subsequent conviction." ECF No. 86-3 at 11. In this regard, defendants contend that "[p]laintiff confirmed at his deposition that the factual basis of his plea was the interaction he had as between himself and Officer Messina on February 28, 2013 as he described it." Id. According to defendants, "[p]laintiff also held fast to his position that he never resisted Officer Messina in any way on the date of the incident and complied with all the officer's orders." Id. Defendants cite to plaintiff's deposition testimony that on the date of the incident he complied with defendant Messina's orders and did not resist defendant Messina in any way. ECF No. 86-1 at 15. Contrary to defendant's assertion, however, the court is still without sufficient evidence to determine the factual basis for plaintiff's no contest plea and criminal conviction.

In Heck, the United States Supreme Court held that under circumstances such as those present here, the court "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487. In short, "Heck says that 'if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed.'" Smith v. City of Hemet, 394 F.3d 689, 695 (9th Cir. 2005) (quoting Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996)). "Consequently, 'the relevant question is whether success in a subsequent § 1983 suit would 'necessarily imply' or 'demonstrate' the invalidity of the earlier conviction or sentence . . . ." Beets v. County of Los Angeles, 669 F.3d 1038, 1042 (9th Cir. 2012) (quoting Smithart, 79 F.3d at 951). It is the defendant's burden to show that a plaintiff's claim is barred by Heck. See Sanford v. Motts, 258 F.3d 1117, 1119 (9th Cir. 2001).

/////

5

"The lawfulness of the officer's conduct is an essential element of the offense under § 148(a)(1)." Hooper v. County of San Diego, 629 F.3d 1127, 1130 (9th Cir. 2011). "[A]n officer is acting unlawfully . . . when he uses excessive or unreasonable force." People v. Olguin, 199 Cal. App.3d 39, 46 (1981). However, "a conviction under § 148(a)(1) can be valid even if, during a single continuous chain of events, some of the officer's conduct was unlawful." Hooper, 629 F.3d at 1131 (citing Yount v. City of Sacramento, 43 Cal. 4th 885 (Cal. 2008)). In this regard, "[t]he mere fact that [a plaintiff] pled no contest to a section 148(a)(1) charge does not automatically imbue every aspect of the officers' conduct during the . . . encounter with an irrebuttable presumption of lawfulness." Kyles v. Baker, 72 F.Supp.3d 1021, 1037 (N.D. Cal. 2014).

Here, plaintiff's conviction for violating § 148(a) was pursuant to a no contest plea.[5] ECF No. 86-4 at 8, 14. However, aside from the fact of plaintiff's conviction, there is essentially nothing in the record from which the court can determine the factual basis for plaintiff's conviction for violating §148(a). At plaintiff's change of plea hearing, the trial judge simply asked if "all . . . counsel stipulate there's a factual basis," to which the Deputy District Attorney and Deputy Public Defender agreed without elaboration. ECF No. 86-4 at 15.

In Smith v. City of Hemet, 394 F.3d 689 (9th Cir. 2005) (en banc), the Ninth Circuit noted that in analyzing whether the plaintiff's action was Heck barred, "nothing in the record informs us what the factual basis for Smith's plea was." Id. at 698 (quotation omitted). Accordingly, the Ninth Circuit in Smith concluded that:

> Because on the record before us we cannot determine that the actions that underlay Smith's conviction upon his plea of guilty occurred at the time of or during the course of his unlawful arrest, Smith's success in the present action would not necessarily impugn

---

[5] Some district courts have found that Heck does not bar subsequent civil actions where the plaintiff's criminal conviction stems from a plea of no contest. See generally Flores-Haro v. Slade, --- F. Supp.3d ---, Case No. 3:12-cv-1616 MO, 2016 WL 427067, at *5 (D. Or. Feb. 3, 2016) ("By virtue of a nolo plea, the civil action cannot arise out of the same found facts—because the fact of guilt was not established for any purpose but the conviction."); Cooley v. City of Vallejo, No. 2:14-cv-0620 TLN KJN PS, 2014 WL 3749369, at *4 (E.D. Cal. July 29, 2014) ("the conviction involved in this case was likewise based on a no contest plea, plaintiff's claims are not Heck barred").

6

1
2
> his conviction.  Accordingly, the defendants are not entitled to summary judgment on the basis of Heck v. Humphrey.

3 (Id. at 699.)

4 Here, defendants rely on plaintiff's deposition testimony that he complied with defendant
5 Messina's commands and did not resist defendant Messina on the date of the incident.  ECF No.
6 86-1 at 15.  However, plaintiff also testified at his deposition that he could not remember
7 anything between the time defendant Messina hit him with a flashlight and the time plaintiff
8 awoke in the hospital.  Id. at 16.  Plaintiff also testified that after he was bitten by defendant
9 Messina's canine he struggled with the dog, striking and hitting it.  Pl.'s Dep. at 32:6-23.  The
10 court notes that a violation of § 148(a) can be based on various conduct during the course of a
11 person's encounter with an officer.  See generally People v. Quiroga, 16 Cal.App.4th 961, 972
12 (1993) ("In the words of Penal Code section 148, appellant's act of refusing to disclose his
13 identity at the booking interview unquestionably served to resist, delay and obstruct the
14 responsible peace officer in the discharge of his duties."); In re Bacon, 240 Cal.App.2d 34, 53
15 (1966) ("a person who goes limp and thereby requires the arresting officer to drag or bodily lift
16 and carry him in order to effect his arrest causes such a delay and obstruction to a lawful arrest as
17 to constitute the offense of resisting an officer as defined in section 148").

18 Here, there remains an absence of evidence or information relating to the factual basis for
19 plaintiff's no contest plea and criminal conviction for violating § 148.  Accordingly, the court
20 cannot conclude that plaintiff's excessive force claim necessarily implies the invalidity of his
21 conviction.  See generally Jarboe v. County of Orange, 293 Fed. Appx. 520, 521 (9th Cir. 2008)[6]
22 ("Here, we are unable to discern from the record the factual basis for Jarboe's plea.  Accordingly,
23 his excessive force claim for activity that followed his acts of resistance does not necessarily
24 imply the invalidity of his conviction and is therefore not barred by Heck."); Sanford, 258 F.3d at
25 1119 ("Nothing in the record informs us what the factual basis was for Sanford's plea of nolo . . ..
26 It was the burden of the defendants to establish their defense by showing what the basis was; they
27 failed to do so."); Stoddard-Nunez v. City of Hayward, Case No. 13-cv-04490-KAW, 2015 WL

---

28 [6] Citation to this unpublished decision is appropriate pursuant to Ninth Circuit Rule 36-3(b).

1 6954963, at *6 (N.D. Cal. Nov. 10, 2015) ("the lack of a factual basis for the plea prevents the
2 Court from concluding that this § 1983 action would necessarily imply or demonstrate the
3 invalidity of Pakman's conviction"); <u>Benavides v. City of Arvin</u>, No. F CV 12-0405 LJO GSA,
4 2012 WL 1910259, at *8 (E.D. Cal. May 25, 2012) ("Because this Court cannot ascertain the
5 asserted alleged facts of the underlying conviction, this Court cannot determine whether Mr.
6 Benavides' excessive force allegations are temporally distinct from the facts that form the basis of
7 the underlying conviction.  Viewed in a light most favorable to Mr. Benavides, this Court must
8 construe Mr. Benavides' allegations, particularly the allegation that Officer Schmick used
9 excessive force against him after he was subdued, as being temporally distinct from his arrest.");
10 <u>Johnson v. Cortes</u>, No. C 09-3946 SI (pr), 2011 WL 445921, at *4 (N.D. Cal. Feb. 4, 2011) ("The
11 record here is limited to court minutes from proceedings in which Johnson entered a no-contest
12 plea and was sentenced.  From those two documents, the court cannot determine the factual basis
13 for either conviction, and therefore cannot determine that they are incompatible with success on
14 the excessive force claim."); <u>Godoy v. Wadsworth</u>, No. CV 05-2913, 2009 WL 1458041, at *4-5
15 (N.D. Cal. May 21, 2009) ("Like <u>Smith</u> and <u>Sanford</u>, the factual basis for Godoy's plea is missing
16 from the record. . . . There is no discussion of the underlying facts for Godoy's plea during the
17 plea colloquy or sentencing. . . . Therefore, under <u>Smith</u> and <u>Sanford</u>, defendants have not carried
18 their burden to establish a <u>Heck</u> bar by showing the basis for Godoy's Cal. Penal Code § 69
19 conviction.  Godoy's success on his § 1983 and state law claims would not necessarily imply or
20 demonstrate that his Cal. Penal Code § 69 conviction was invalid.  The court denies summary
21 judgment on defendants' <u>Heck</u> bar arguments."); Cf. <u>Beets</u>, 669 F.3d at 1045 ("In <u>Sanford</u>, the
22 defendant pled nolo contendere and we determined that '[n]othing in the record informs us what
23 the factual basis was for Sanford's plea of nolo.'  Here, Morales was convicted by a jury. . . . In
24 sum, the record shows that the jury that convicted Morales determined that Deputy Winter acted
25 within the scope of his duties and did not use excessive force, and that plaintiffs seek to show that
26 the very same act constituted excessive force.").
27 /////
28 /////

Accordingly, the court cannot find that there is an absence of a genuine issue of fact as to this issue. Defendants' motion for summary judgment is, therefore, denied as to the second amended complaint's excessive force claim.

## II. **Monell Claim**

Defendants' motion for summary judgment asserts that in response to defendants' discovery request, plaintiff described all the facts supporting his Monell claim by listing ten former or current lawsuits against the City of Vallejo and its police officers for excessive force. ECF No. 86-3 at 18-19.

Pursuant to Monell v. Department of Social Services, 436 U.S. 658 (1978), a municipality may be liable under § 1983 where the municipality itself causes a constitutional violation through a "policy or custom, whether made by its lawmakers or those whose edicts or acts may fairly be said to represent official policy[.]" Id. at 694. Therefore, municipal liability in a § 1983 case may be premised upon: (1) an official policy; (2) a "longstanding practice or custom which constitutes the standard operating procedure of the local government entity;" (3) the act of an "official whose acts fairly represent official policy such that the challenged action constituted official policy;" or (4) where "an official with final policy-making authority delegated that authority to, or ratified the decision of, a subordinate." Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008).

However, "[l]iability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996) *holding modified by* Navarro v. Block, 250 F.3d 729 (9th Cir. 2001). Nonetheless, the Ninth Circuit has "long recognized that a custom or practice can be 'inferred from widespread practices or "evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded.'" Hunter v. County of Sacramento, 652 F.3d 1225, 1233-34 (9th Cir. 2011) (quoting Nadell v. Las Vegas Metro. Police Dep't, 268 F.3d 924, 929 (9th Cir. 2001)). "[E]vidence of inaction—specifically, failure to investigate and discipline employees in the face of widespread constitutional violations—can support an

1 inference that an unconstitutional custom or practice has been unofficially adopted by a
2 municipality." Hunter, at 1234 n. 8 (emphasis in original).
3    Here, plaintiff has not provided evidence of repeated constitutional violations. Instead,
4 plaintiff relies on a list of lawsuits, most of which are pending and have not, at least as of yet,
5 resulted in a finding of a constitutional violation. Moreover, in opposing defendants' motion,
6 plaintiff offers no analysis or evidence but instead merely argues that discovery should be
7 reopened to permit plaintiff to conduct additional discovery.[7]
8    Accordingly, the court finds that there is no genuine dispute as to any material fact with
9 respect to this claim. Defendants' motion for summary judgment is, therefore, granted as to the
10 second amended complaint's Monell claim.

## FURTHER SCHEDULING

12    For the reasons stated above, this matter will proceed on the second amended complaint's
13 claim of excessive force against defendant Messina. Accordingly:

14    **1)    FINAL PRETRIAL CONFERENCE**

15    Final Pretrial Conference is **SET** for **June 22, 2016 at 10:00 a.m.** in courtroom no. 26
16 before the undersigned. The parties are cautioned that any counsel appearing for Final Pretrial
17 Conference shall in fact try the matter.
18    The parties are to be fully prepared for trial at the time of the Final Pretrial Conference,
19 with no matters remaining to be accomplished except production of witnesses for oral testimony.
20    The parties are referred to Local Rules 280 and 281 relating to the contents of and time for
21 filing Pretrial Statements. In addition to all subjects listed in Local Rule 281(b), the parties shall
22 include in their pretrial statements a plain, concise statement that identifies every non-discovery
23 motion tendered to the court and its resolution. A FAILURE TO COMPLY WITH LOCAL
24 RULES 280 AND 281 WILL BE GROUNDS FOR SANCTIONS.
25 /////
26

---

27 [7] Plaintiff's request to reopen discovery was denied by the previously assigned Magistrate Judge after plaintiff was "unable to identify any specific further discovery he wished to conduct in order
28 to present his case." ECF No. 97 at 2.

Plaintiff and defendants shall file separate Pretrial Statements in accordance with the provisions of Local Rule 281(a)(1). However, in addition to their separate Pretrial Statements, the parties shall cooperate in the preparation of a JOINT STATEMENT with respect to the undisputed facts and disputed factual issues of the case. See Local Rule 281(b)(3), (4), and (6). In the joint statement, the undisputed facts and disputed factual issues are to be set forth in two separate sections. In each section, the parties should first identify the general facts relevant to all causes of action. After identifying the general facts, the parties should then identify those facts which are relevant to each separate cause of action. In this regard, the parties are to number each individual fact or factual issue. Where the parties are unable to agree as to what factual issues are properly before the court for trial, they should list in the section on "DISPUTED FACTUAL ISSUES" all issues asserted by any party and explain by parenthetical the controversy concerning each issue. In general, each fact should relate or correspond to an element of the relevant cause of action. Notwithstanding the provisions of Local Rule 281, the Joint Statement of Undisputed Facts and Disputed Factual Issues is to be filed with the court concurrently with the filing of plaintiff's separate Pretrial Statement.

Pursuant to Local Rule 281(b)(10) and (11), the parties are required to provide with their separate Pretrial Statements a list of witnesses and a list of exhibits that they propose to proffer at trial for any purpose. These lists shall not be contained in the party's Pretrial Statement itself but shall be attached as separate documents. Plaintiff's exhibits shall be listed **numerically**. Defendants' exhibits shall be listed **alphabetically**. In the event that the alphabet is exhausted, defendants' additional exhibits shall be marked "2A-2Z, 3A-3Z," etc. The court's Pretrial Order will contain a stringent standard for the proffering at trial of witnesses and exhibits not listed in the Pretrial Order. The parties are cautioned that the standard will be strictly applied. On the other hand, the listing of exhibits or witnesses which the party does not intend to call or use at trial will be viewed as an abuse of the court's processes and sanctions may be imposed.

Pursuant to Local Rule 281(b)(12), each party is required to provide a list of all answers to interrogatories and responses to requests for admission that the party expects to offer at trial. This list should include only those documents or portions thereof which the party expects to offer in its

1  case-in-chief. Unless otherwise barred by a rule of evidence or order of this court, the parties
2  remain free to tender appropriate discovery documents during trial for such purposes as, but not
3  limited to, impeachment or memory refreshment.
4    Pursuant to Local Rule 281(b)(8), each party's separate Pretrial Statement shall contain a
5  "statement of legal theory, etc." Each party shall commence this section by specifying as to each
6  claim whether federal or state law governs, and, if state law, the state whose law is applicable.
7    The parties are reminded that, pursuant to Fed. R. Civ. P. 16, it will be their duty at the
8  Final Pretrial Conference to aid the court in (a) the formulation and simplification of issues and
9  the elimination of frivolous claims or defenses; (b) the settling of facts that should be properly
10 admitted; and (c) the avoidance of unnecessary proof and cumulative evidence. Each party must
11 prepare its Pretrial Statement, and participate in good faith at the Final Pretrial Conference, with
12 these aims in mind. FAILURE TO DO SO MAY RESULT IN THE IMPOSITION of
13 SANCTIONS, which may include monetary sanctions, orders precluding proof, the elimination of
14 claims or defenses, or such other sanctions as the court deems appropriate.

15  **2)   TRIAL SETTING**
16  A jury trial not to exceed twelve court days in length is **SET** for **September 6, 2016 at**
17  **9:00 a.m.** in courtroom no. 26 before the undersigned.

18  **3)   SETTLEMENT CONFERENCE**
19  The parties are advised that a Settlement Conference may be scheduled when the Final
20  Pretrial Conference is held. The court may require that all parties proceeding pro se be present at
21  the Settlement Conference. Such a settlement conference may be set before the undersigned, if
22  both parties request that the undersigned participate in the conference and will waive any claim of
23  disqualification on that basis. The parties may also request a settlement conference before
24  another magistrate judge. See Local Rule 270(b).

25                              CONCLUSION
26  Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that:
27  1. Defendants' motion for summary judgment (ECF No. 86) is denied in part and granted
28  in part;

2. A Final Pretrial Conference is set for **June 22, 2016 at 10:00 a.m.** in courtroom no. 26 before the undersigned; and

3. This matter is set for a jury trial not to exceed twelve court days on **September 6, 2016 at 9:00 a.m.** in courtroom no. 26 before the undersigned.

DATED: May 11, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE