UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON JEROME MARTIN,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF VALLEJO, et al.,<br><br>Defendants. | No. 2:14-cv-0554 AC (PS)<br><br>TENTATIVE PRETRIAL ORDER |

Pursuant to court order, a Final Pretrial Conference was held before the undersigned on August 31, 2016.[1] Plaintiff Leon Jerome Martin, proceeding in pro per, appeared on his own behalf. Defendant Vallejo Police officer P. Messina was represented by Kelly J. Trujillo, Assistant City Attorney. This matter proceeds to trial against defendant Messina on plaintiff's 42 U.S.C. § 1983 claim that Officer Messina used unreasonable force in violation of the Fourth Amendment during an arrest of plaintiff on February 28, 2013. Upon review of the parties' separate Pretrial Statements, and following the Pretrial Conference, this court makes the following findings and orders.

### I. JURISDICTION/VENUE

Federal question jurisdiction is predicated on 28 U.S.C. § 1331, for a claim arising under

---

[1] This action is referred to the undersigned for all purposes, the parties having consented to the jurisdiction of the magistrate judge. E.D. Cal. R. 301 (trials by consent); ECF Nos. 19, 20.

1

1 | 42 U.S.C. § 1983.  Venue is proper.  Jurisdiction and venue are undisputed.

## II. JURY TRIAL

Both parties timely requested trial by jury.  <u>See</u> ECF Nos. 55-2 (plaintiff), 62 (Messina).

## III. UNDISPUTED FACTS

The following facts are undisputed:

1. On February 28, 2013, after midnight, plaintiff was driving on Camino Alto toward Redwood Parkway in Vallejo when he crashed into a fence and came to rest in a residential backyard.  Vallejo Police Officer Messina was the first officer to arrive on scene.
2. Plaintiff was driving under the influence of alcohol at the time of the crash.  He was driving on a license that had been suspended since 1994 for a previous DUI.
3. As a result of this incident, plaintiff Martin was convicted of (1) Penal Code section 148(a), with Officer Messina as the victim, and (2) driving under the influence of alcohol.

## IV. DISPUTED FACTUAL ISSUES

The following factual issues are disputed:

1. Whether Officer Messina used unreasonable force against plaintiff during or after plaintiff's arrest on February 28, 2013.
2. The extent of plaintiff's injuries.

## V. DISPUTED EVIDENTIARY ISSUES

Defendant has identified several evidentiary issues that he wishes to address through *in limine* motions.  Defendant may file *in limine* motions no later than **fourteen days prior to the start of trial (currently scheduled for January 9, 2017).**  The issues defendant has identified for *in limine* motions are as follows.

   1. Exclusion of testimony at trial by Martin about his whereabouts on the evening in question.
   2. Exclusion of alleged prior acts by defendant.
   3. Exclusion of witnesses/documents not properly disclosed by plaintiff.

2

    4. Exclusion of evidence of insurance.

    5. Exclusion of Monell-type evidence.

## VI.  SPECIAL FACTUAL INFORMATION

None applicable.

## VII.  RELIEF SOUGHT

Plaintiff seeks unspecified compensatory and punitive damages, and damages for emotional distress.

## VIII.  POINTS OF LAW

The parties shall brief the elements, standards and burden of proof applicable to plaintiff's claims under the applicable constitutional amendment, statutes and regulations, in their trial briefs.  The trial briefs shall be filed with this court no later than fourteen days prior to the start of trial, in accordance with Local Rule 285.

## IX.  ABANDONED ISSUES

All claims against the City of Vallejo were dismissed on summary judgment.  All other defendants were voluntarily dismissed by plaintiff, with prejudice.

## X.  WITNESSES

<u>Plaintiff anticipates calling the following witness.</u>

    1. Plaintiff Leon Jerome Martin.

<u>Defendant anticipates calling the following witnesses.</u>

    A. Plaintiff Leon Jerome Martin.

    B. Vallejo Police Officer Messina – to be contacted through counsel.

    C. Vallejo Police Officer Huff – to be contacted through counsel.

    D. Vallejo Police Officer Bauer – to be contacted through counsel.

    E. Vallejo Police Officer Agustin – to be contacted through counsel.

    F. Marie Bailey – 301 Delmar Avenue, Vallejo, CA 94589.

    G. Vallejo Police Department Custodian of Records Andy Bates – to be contacted through counsel.

////

    H.  Vallejo Police Department Custodian of Records Aimee Crutcher – to be contacted through counsel.

    I.  Solano County District Attorney Bureau of Forensic Services Custodian of Records, 2201 Courage Drive, Fairfield, CA 94533.

    J.  Solano County District Attorney Bureau of Forensic Services, Samandeep Mahil, Criminalist, 2201 Courage Drive, Fairfield, CA 94533.

    K.  Retained Expert in Police Practices - Jared Zwickey, 1047 Harvest Mill Drive, Manteca, CA 95336.

    L.  Retained Expert in Forensic Toxicology- Kenton Wong, Forensic Scientist, 3777 Depot Road, Suite 403, Hayward, CA 94545.

    M.  Non-retained expert regarding training - Vallejo Police Captain Whitney – to be contacted through counsel.[2]

    N.  Non-retained expert regarding use of force - Vallejo Police Lt. Joe Iacono – to be contacted through counsel.

    O.  Non-retained expert regarding use of K9 - Vallejo Police Lt. Tribble – to be contacted through counsel.

----------

A.     Each party may call any witness designated by the other.

B.     No witnesses other than those listed above will be permitted to testify unless:

(1) The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated at the pretrial conference, or

(2) The witness was discovered after the pretrial conference and the proffering party makes the showing required in Paragraph "C," below.

C.     Upon a party's post-pretrial discovery of a witness, the party shall promptly inform the court and the opposing party of the existence of the unlisted witness so that the court may consider whether the witness will be permitted to testify at trial. The witness will not be permitted unless:

////

---

[2] Defendant represented at the hearing that each non-retained expert will testify only about their own knowledge of how Vallejo police officers are trained in the identified areas.

    (1) The witness could not reasonably have been discovered prior to the final pretrial conference;

    (2) The court and the opposing party were promptly notified upon discovery of the witness;

    (3) If time permitted, the party proffered the witness for deposition; and

    (4) If time did not permit, a reasonable summary of the witness' testimony was provided to the opposing party.

  D. On the first day of trial, plaintiff and defendant must present their witness lists for use by the court reporter.

## XI.  EXHIBITS – SCHEDULES AND SUMMARIES

<u>Plaintiff anticipates offering the following exhibits</u>

None identified.[3]

<u>Defendant anticipates offering the following exhibits</u>

  A. Vallejo Police Department Report No. 13-02416.

  B. CAD (computer aided dispatch) report related to 13-02416.

  C. Vallejo Police Department 911 Call #1 (Marie Bailey) in case no. 13-02416.

  D. Vallejo Police Department 911 Call #2 (Marie Bailey) in case no. 13-02416.

  E. Vallejo Police Department 911 Call #3 (Female caller) in case no. 13-02416.

  F. Vallejo Police Department radio traffic for 13-02416.

  G. Vallejo Police Department Use of Force Policy in effect on February 28, 2013.

  H. Solano County District Attorney Bureau of Forensic Services - Physical Evidence Examination Report - Alcohol Analysis.

  I. *People V. Martin*, Solano County Superior Court Case No. VCR217215, Felony Complaint.

  J. *People V. Martin*, Solano County Superior Court Case No. VCR217215, Waiver of Constitutional Rights in Support of Defendant's Motion to Change Plea (Misdemeanor).

---

[3] At the hearing, plaintiff asserted that he provided his medical records to defendant. The court advised plaintiff that he must specifically identify these records as trial exhibits, or he will not be able to introduce them at trial.

K. *People V. Martin*, Solano County Superior Court Case No. VCR217215, Reporter's Transcripts of Proceedings for March 12, 2013.

L. Photo of Scene - 00028670-1.

M. Photo of Scene - 00028670-2.

N. Photo of Scene - 00028670-3.

O. Photo of Scene - 00028670-7.

P. Photo of Scene - 00028670-8.

Q. Photo of Scene - 00028670-9.

R. Photo of Scene - 00028670-12.

S. Photo of Scene - 00028670-13.

T. Photo of Scene - 00028670-15.

U. Photo of Scene - 00028670-20.

V. Google Maps Photo of North Camino Alto at Redwood Parkway.

W. Google Maps Photo of overview of North Camino Alto at Redwood Parkway.

----------

A. Except as listed above, no exhibits other than those listed above will be permitted to be introduced unless:

(1) The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not have been reasonably anticipated, or

(2) The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in Paragraph "B," below.

B. Upon a party's post-pretrial discovery of an exhibit, the party shall promptly inform the court and the opposing party of the existence of such exhibit so that the court may consider its admissibility at trial. The exhibit will not be received unless the proffering party demonstrates:

(1) The exhibit could not reasonably have been discovered earlier;

(2) The court and the opposing party were promptly informed of the exhibit;

(3) The proffering party forwarded a copy of the exhibit (if physically possible) to

1  the opposing party, or demonstrates that he made the exhibit reasonably available for inspection
2  by the opposing party.

3      C. Plaintiff will use numbers to mark exhibits; defendant will use letters.  The parties may
4  formally exchange exhibits in the form of a complete set of tabbed exhibits or may engage in an
5  informal exchange wherein they specifically identify for the opposing party each of the
6  documents which they intend for use as exhibits at trial.  The exchange of exhibits must occur by
7  no later than two weeks prior to the start of trial.  Any party's objection to an exhibit must be filed
8  within seven days thereafter.  In making any objection, each party is to set forth the grounds for
9  the objection.

10      D. Each party is directed to submit a tabbed courtesy copy of that party's trial exhibits,
11  contained in a three-ring binder, to the court one week in advance of the start of trial.  The
12  original trial exhibits must be presented to Valerie Callen, Courtroom Deputy, by 8:30 a.m. on the
13  date set for trial.  The original exhibits become the property of the court for purposes of trial.  The
14  tabbed binder of exhibit copies is for use by the undersigned prior to and during trial.  The parties
15  must also provide a list of their exhibits to the court reporter on the date of trial.

16  <center>XII.  DISCOVERY DOCUMENTS</center>

17      The parties reserve the right to utilize deposition transcripts and responses to written
18  discovery for impeachment purposes.[4]

19  <center>XIII.  FURTHER DISCOVERY OR OTHER MOTIONS</center>

20      Discovery is closed.  Defendant anticipates filing *in limine* motions regarding the
21  "Disputed Evidentiary Issues" set forth above under Section V.  **Motions *in limine* must be filed**
22  **no later than fourteen days prior to the start of trial; opposition thereto must be filed no**
23  **later than 7 days prior to the start of trial.**
24  ////

25

---

[4] Defendant indicated that he wished to use the video deposition testimony of Marie Bailey because she was not available on the initially-scheduled October 17, 2016 trial date.  At the hearing, plaintiff stated that he did not consent to the use of Bailey's deposition testimony.  If Bailey is unavailable on the new trial date of January 9, 2017, this matter may be resolved by stipulation or *in limine* motion.

## XIV. STIPULATIONS

The parties do not anticipate requesting any stipulations.

## XV. AMENDMENTS/DISMISSALS

The DOE defendants are hereby DISMISSED.

## XVI. SETTLEMENT NEGOTIATIONS

**The parties shall appear for a Settlement Conference before the Honorable Carolyn K. Delaney on Monday, November 7, 2016 at 9:30 a.m., in Courtroom 24 (8th Floor).** The parties shall comply with the "Settlement Conference Information" posted on Judge Delaney's Web page, http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/5055/.

## XVII. AGREED STATEMENTS

Not advisable.

## XVIII. SEPARATE TRIAL OF ISSUES

Not advisable.

## XIX. IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

Not advisable.

## XX. ATTORNEYS' FEES

Not applicable.

## XXI. TRIAL EXHIBITS

**Physical/Demonstrative Evidence:** Defendant expects to use a PowerPoint presentation for opening and closing statements, which will include video, photos, and audio of items related to this matter.

## XXII. TRIAL PROTECTIVE ORDER

None will be sought.

## XXIII. MISCELLANEOUS

A. ESTIMATED TIME OF TRIAL/TRIAL DATE

**Jury trial is scheduled to commence before the Honorable Allison Claire, on Monday, January 9, 2017 at 9:00 a.m., in Courtroom No. 26 (8th Floor).** The parties estimate a trial length of approximately 3-5 days. **Trial briefs shall be filed and served in accordance**

**with Local Rule 285, no later than two weeks prior to the start of trial.**

  B. <u>PROPOSED JURY VOIR DIRE AND PROPOSED JURY INSTRUCTIONS</u>

  The parties are directed to Local Rule 162.1(a) and Local Rule 163(a) for the forms and procedures regarding proposed voir dire and proposed jury instructions, respectively. The provisions of said Local Rules notwithstanding, **the parties shall file any proposed jury voir dire no later than seven days before the start of trial.**

  The parties need not submit proposed general jury instructions unless they wish to propose any amendment to the Ninth Circuit Model Jury Instructions. The parties are directed to submit a copy of their proposed jury instructions in Word format to acorders@caed.uscourts.gov.

  C. <u>FURTHER PRETRIAL CONFERENCE</u>

  **The parties shall attend a further Final Pretrial Conference on November 30, 2016, at 10:00 a.m. before the undersigned.** The parties shall file brief status reports no later than November 22, 2016 at 3:30 p.m., setting forth any requested amendments to this tentative pretrial order, and reporting on any other matter pertaining to the status of the case. Plaintiff may use this report to list the medical exhibits he has provided to defendant and wishes to use at trial. The parties shall also advise the court whether they have stipulated to the authenticity of exhibits.

  The parties shall meet and confer prior to filing their status reports, to discuss the possibility of stipulating to the authenticity of exhibits.

DATED: August 31, 2016

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE